Submitted on briefs without arguments, decided June 24, 1913.

# CHURCHILL *v.* CITY OF ALBANY.*

(133 Pac. 632.)

**Appeal and Error—Review—Presumptions—Rulings on Demurrers to Pleadings.**

1. The court, on appeal from an order sustaining a demurrer to the complaint, must take as true the material allegations thereof properly pleaded.

**Injunction—Enforcement of Void Municipal Ordinance—Grounds.**

2. A court of equity may enjoin the threatened enforcement of a void municipal ordinance, where the enforcement will result in irreparable injury to plaintiff's business or property.

**Municipal Corporations—Regulation of Business—Reasonableness.**

3. The power conferred on a city to regulate all business and professional occupations and callings within the city is a general one, and all ordinances passed in pursuance thereof must be reasonable, or they will be void.

**Municipal Corporations—Regulation of Business—Reasonableness.**

4. An ordinance, which requires every person, firm or corporation owning or conducting any cigar-store, soft-drink parlor, billiard or pool parlor, restaurant, or like place of business, selling or dealing in soft drinks or bottled goods, to close the place of business at midnight and keep the same closed until 5 o'clock in the morning, applies only to persons, firms or corporations owning or carrying on a cigar-store, soft-drink parlor, billiard or pool parlor, restaurant, or other like place of business that deal in soft drinks or bottled goods, and affects all persons, firms or corporations of that class alike, and is reasonable.

**Constitutional Law—Privileges or Immunities.**

5. The ordinance is not in conflict with Article I, Section 20, of the Constitution, providing that no law granting to any citizen or class privileges or immunities which on the same terms shall not equally apply to all citizens shall be passed.

**Constitutional Law—Privileges or Immunities.**

6. Legislation which affects all persons pursuing the same business under substantially the same conditions is not class legislation, and is not prohibited by Article I, Section 20, of the Constitution prohibiting laws granting to any citizen, or class of citizens, special privileges or immunities.

**Municipal Corporations—Ordinances—Validity.**

7. Ordinances must, as a general rule, be general in their nature and impartial in their operation, in order to be valid.

---

*Power to enjoin passage of municipal ordinance, see notes in 2 L. R. A. (N. S.) 152; 118 Am. St. Rep. 37?—REPORTER.

From Linn: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE RAMSEY.

This is a suit by R. C. Churchill against the City of Albany, F. E. Van Tassel, city recorder, and Ellis Daughtry, chief of police, and is brought for the purpose of enjoining the defendants from enforcing a certain ordinance of the City of Albany, for the alleged reason that the ordinance is unreasonable, discriminatory, class legislation, and unconstitutional.

A demurrer to the amended complaint was filed by the respondents, alleging that the amended complaint does not state facts sufficient to constitute a cause of suit, and that the court below had no jurisdiction of the subject matter. The demurrer was sustained by the court below, and the court dismissed the suit. The plaintiff appeals, and alleges the sustaining of said demurrer as grounds of error.      AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi.).

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford.*

For respondents there was a brief over the name of *Mr. L. L. Swan.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

The ordinance upon which this suit is based is set out in full in the amended complaint, and is in the following words:

"Every person, firm, company, or corporation owning or conducting any cigar-store, soft-drink parlor,

billiard or pool parlor, restaurant or other like place of business in the city of Albany, selling or dealing in soft drinks or bottled goods, shall close or cause to be closed such place or places of business at the hour of 12 o'clock midnight, and keep the same so closed until the hour of five o'clock in the morning following: and any person, firm, company or corporation violating any of the provisions of this section shall upon conviction thereof before the city recorder be punished by a fine of not less than $5.00 nor more than $25.00.''

The appellant is engaged in the business of catering in the City of Albany, and has, at large expense, fitted up his place of business with the intention of providing the people of Albany and Linn County with a convenient and attractive place for the purpose of serving lunches, banquets and dinners, and has an attractive and convenient lunchroom and banquet hall as a part of his place of business, and he serves lunches and banquets for hire. The appellant has two rooms, one constituting the lunchroom and banquet hall, and the other is used as a store, where he keeps for sale and sells candies, ice cream, soda water, lemonade, and similar articles of merchandise. His two rooms are so situated that persons going to or from his lunchroom and banquet hall must go through his storeroom, but he alleges that he does not keep the storeroom open to make sales after midnight, and that it is kept open after midnight only for the purpose of enabling persons to pass to and from his lunchroom and banquet hall, which at times is kept open until after midnight.

The appellant alleges also that there are ten or more' persons, firms, and corporations in the City of Albany besides himself who prepare and serve lunches and banquets to the same class of lodges and people to whom the appellant caters, and that these persons, firms, and corporations have no place or room in connection with their place of business where soft drinks

or bottled goods are kept for sale. The appellant contends that said ordinance is void, and that its enforcement, under the circumstances, would be of great and irreparable injury to him and his business.

1. The question for decision on this appeal being whether the respondents' demurrer should be sustained, the material allegations of the amended complaint, properly pleaded, are deemed to be true.

2. This suit was brought to enjoin the enforcement of the said ordinance on the alleged grounds that the ordinance is void, and that its enforcement would greatly injure the appellant's business described in the amended complaint. We have no doubt that courts of equity have jurisdiction to enjoin the threatened enforcement of a void ordinance when it is shown that its enforcement would result in irreparable injury to the plaintiff's business or property: See Dillon, Munic. Corp. (5 ed.), § 582; *Sandys* v. *Williams,* 46 Or. 327 (80 Pac. 642); McQuillan, Munic. Corp., § 805.

3. The charter of the City of Albany confers on that city power to "regulate" all business and professional occupations and callings within the city. The appellant correctly contends that the power thus conferred on the city is a general one, and that all ordinances passed to enforce it must be reasonable. An ordinance based upon a general or an implied grant of power must be reasonable, or it will be void: 28 Cyc. 762, 763.

4, 5. The appellant contends that the ordinance under consideration is unreasonable and void. It requires *every* person, firm or corporation owning or conducting any cigar-store, soft-drink parlor, billiard or pool parlor, restaurant, or like place of business in the City of Albany *selling* or *dealing in soft drinks or bottled goods* to close or cause to be closed such place or places of business at the hour of 12 o'clock mid-

night, and to keep the same so closed until the hour of 5 o'clock in the morning following, and it prescribes, as a punishment for a violation of this ordinance, a fine of not less than $5 nor more than $25. The words of this ordinance make it applicable only to persons, firms and corporations owning or carrying on a cigar-store, soft-drink parlor, billiard or pool parlor, res-taurant, and other like places of business that deal in "soft drinks" or "bottled goods." It is clearly restricted to such places only as deal in that sort of "goods."

It was the intention of the council to compel all such places to close at midnight. The council very likely believed that "soft drinks" and "bottled goods" were not as "soft" as the unsophisticated may believe them to be, and concluded that compelling dealers in such "goods" to close at midnight would be promotive of good government in the city. Under the grant of power in the charter to regulate business houses, the city had the power to close such places at midnight or earlier. Perhaps it was fitting that such places should close at "midnight," as Shakespeare says:

"'Tis now the very witching time of night;
When graveyards yawn and hell itself breathes out
Contagion to this world."

The ordinance is reasonable and valid, unless it is vitiated by Section 20 of Article I of the Constitution of the state, which provides: "No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

6. Legislation which affects all persons pursuing the same business under substantially the same conditions is not such class legislation as is prohibited by said section of our Constitution: *In re Oberg*, 21 Or. 407 (28 Pac. 130, 14 L. R. A. 577); *State* v. *Randolph*, 23 Or. 74 (31 Pac. 201, 17 L. R. A. 470, 37 Am. St. Rep. 655).

The ordinance affects only those persons, firms, and corporations owning or conducting places of business that deal in "soft drinks" or "bottled goods," and it affects *all* of that class alike.   It is general as applied to all of that class.   It has not been shown that it exempts any place of business that deals in "soft drinks" or "bottled goods."   It was not intended to affect places that do not deal in such drinks or goods.   We think that the classification adopted by the city is reasonable and uniform.

7. It is a general rule that ordinances, in order to be valid, must be general in their nature and impartial in their operation: 21 Am. & Eng. Ency. of Law (2 ed.), pp. 983, 984.   But, according to the authority just cited, there may be circumstances under which this rule of uniformity does not obtain (see page 984); but we do not deem it necessary to go into that question, as we believe this ordinance is valid under the general rule.

The City of Portland passed an ordinance providing that no person engaged in selling spirituous, vinous or malt liquors in any saloon, barroom or restaurant in the City of Portland should sell any liquor to be delivered or used in any side room, back room, upper room, or other apartments in the same or adjoining building, but this ordinance provided that nothing contained in it should prohibit the serving of such liquors in a hotel having a valid license to sell liquors.

The validity of this ordinance was challenged in this court in the case of *Sandys* v. *Williams,* 46 Or. 327 (80 Pac. 642), upon the grounds analogous to the points made in this case.   The Portland ordinance expressly excepted from its prohibition hotels holding licenses to sell liquors.   The appellant in that case contended that the ordinance was not uniform, and that it did not affect alike all persons under the same gen-

eral conditions, and claimed, also, that it was unreasonable, oppressive, arbitrary, and void. In that case the ordinance excepted hotels, but this court held that this did not invalidate the ordinance. Mr. Justice MOORE, delivering the opinion of the court in that case, went into the question at length, and on page 340 of 46 Or. (page 647 of 80 Pac.), he says: "It is maintained by the plaintiff's counsel that, as the ordinance in question expressly exempts the keepers of hotels from its operations, thereby permitting the serving of intoxicating liquors to their guests in private rooms, but denies such privileges to persons engaged in the business of conducting a saloon or a restaurant, it thereby violates Section 20 of Article I of the Constitution of this state, by granting hotel keepers having a valid license to sell intoxicating liquors privileges which on the same terms are denied to all other persons occupied in similar employments. * * *" The court held the Portland ordinance valid, although it excepted from its terms hotels holding licenses to sell intoxicating liquors.

Counsel for the appellant placed much stress on the case of *State* v. *Wright*, 53 Or. 344 (100 Pac. 296, 21 L. R. A. (N. S.) 349), and asserts that it passed on the identical question involved in this case, but the act under consideration in that case was passed by the legislature, and required persons peddling certain kinds of goods to obtain a license to do so. It was held by this court that the act under consideration in that case was void because it required a license to sell certain kinds of goods and permitted persons to sell all other kinds of goods without being required to obtain a license therefor. Mr. Justice BEAN, delivering the opinion of the court in that case, says: "A statute, which directly or by implication grants special privileges, or imposes special burdens upon persons en-

gaged in substantially the same business, under the same conditions, cannot be sound, because it is class legislation, and an infringement of the equal rights guaranteed to all. * * The statute under consideration is plainly in violation of this principle. There is no pretense that it applied to the occupation of peddlers or itinerant venders as a whole. * * A peddler who sells stoves, buggies, or fanning-mills, all of them legitimate and necessary articles, comes within the statute, but one who sells clocks, patent medicines, pianos, fruit trees, sewing-machines, jewelry, dynamite, or any one of a thousand other articles, whether harmful or not, may do so without penalty and punishment, and without being required to pay a fee therefor.'' In that case it was clear that the law applied to only a few things sold by peddlers, and the discrimination was manifest, and the court held the act void.

We have examined the authorities referred to in the briefs, but have found nothing that would justify us in holding the ordinance to be invalid. We deem it reasonable and general in its operations, and valid.

The decree of the court below is affirmed.

Affirmed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.