Argued April 22, affirmed April 28, 1914.

## SIMPSON v. O'HARA.

(141 Pac. 158.)

**Constitutional Law—Master and Servant—Privileges and Immunities of Citizens—Minimum Wage Law.**

The minimum wage law (Laws 1913, p. 92) is not violative of the Fourteenth Amendment of the United States Constitution, forbidding any state to make any law abridging the privileges or immunities of citizens of the United States, nor of Article I, Section 20, of the state Constitution, forbidding laws granting to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

[As to validity of statute or ordinance fixing minimum wage rate for public work, see note in Ann. Cas. 1913E, 990.]

From Multnomah: THOMAS J. CLEETON, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by Elmira Simpson against Edwin V. O'Hara, Bertha Moores and Amedee M. Smith, constituting the Industrial Welfare Commission of the State of Oregon, the object of which is to have judicially determined the question whether an act passed by the legislature on February 17, 1913 (Sess. Laws 1913, c. 62), and commonly known as the minimum wage act, is inimical to the Fourteenth Amendment to the Constitution of the United States, or to Article I,

Section 20, of the Constitution of Oregon. The defendants demurred to the complaint. The court sustained the demurrer and dismissed the complaint. Plaintiff appeals.        .        Affirmed.

For appellant there was a brief with oral arguments by *Messrs. Fulton & Bowerman.*

For respondents there was a brief with oral arguments by *Mr. Andrew M. Crawford,* Attorney General, and *Messrs. Malarkey, Seabrook & Dibble.*

Opinion by Mr. Chief Justice McBride.

This suit is similar in substance and is brought for the same purpose as the case of *Stettler* v. *O'Hara,* 69 Or. 519 (139 Pac. 743), in which Mr. Justice Eakin, speaking for the court, held the act in question to be a valid exercise of the police power, and not in conflict with either the Constitution of the United States or of this state. It is suggested, however, on this appeal that in the case of *Stettler* v. *O'Hara,* before cited, this court did not pass upon the contention raised in the pleadings, and upon the argument, that the minimum wage act is inimical to that portion of Section 1 of the Fourteenth Amendment to the Constitution of the United States which provides:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

While this particular clause of the amendment is not specially discussed, it was certainly intended by that opinion to express the conviction of this court that the act in question violated no precept of the Fourteenth Amendment, which, it will be noted, does not attempt to define the nature or extent of the privileges and immunities therein protected. Having determined in

the preceding case that the police power of the state legitimately extended to the right to prevent the employment of women and children for unreasonably long hours or at unreasonably small wages, and that the state had a right to use the machinery of a commission to determine to the extent stated in the opinion the length of time and at what wages such persons might be employed, it would seem to follow as a natural corollary that the right to labor for such hours and at such wages as would reasonably seem to be detrimental to the health or welfare of the community is not a privilege or immunity of any citizen. The guaranties of the Fourteenth Amendment are not new in American history; they existed substantially in the Constitutions of many of the states, and, excepting as to the status of the negro, were well-nigh universal in the United States. Primarily, for the better protection of a newly enfranchised race, it was thought expedient to make the general government a coguarantor with the states of these fundamental privileges of freemen. But that the effect of this would be to limit the power of the states to enact reasonable laws for the protection of their women and children against the consequences of labor for a length of time tending to impair health or at a wage barely sufficient to sustain life never entered the imagination of the statesmen who framed it. Local self-government lies at the very foundation of freedom, and the private and local affairs of a community are sacred from the interference of the central power, unless oppressive and unreasonable encroachment on the liberties of the citizen renders such interference imperatively necessary, and such is not the case here.

The decree of the Circuit Court is affirmed.

AFFIRMED.