Argued December 2, 1928, affirmed January 8, 1929.

STATE *v.* JOSEPH SMITH.

(273 Pac. 343.)

For appellant there was a brief and oral argument by *Mr. L. D. Mahone.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. C. W. Kirk,* Deputy District Attorney.

BEAN, J.—On the twenty-first day of October, 1927, a complaint was filed in the District Court of the State of Oregon for Multnomah County against defendant Joseph Smith, for practicing medicine without a license, charging the defendant as follows:

"The said Joseph Smith on the 20th day of October, A. D. 1927, in the county of Multnomah, State of Oregon, then and there being, did then and there unlawfully practice medicine without having obtained a license from the Board of Medical Examiners of the State of Oregon entitling him to so practice, and did then and there unlawfully, for a fee, prescribe, direct and recommend for the use of one M. L. Amy certain drugs and medicines for the treatment, care and relief of certain bodily injuries, infirmities and diseases, a more particular description of which drugs and medicines is to this complainant unknown, contrary to the statutes * * "

The record of the District Court in the case shows the following: "defendant enters a plea of not guilty, but admits the facts."

A fine of $150 was imposed upon defendant. An appeal was prosecuted to the Circuit Court where the cause was tried before the court and a jury, resulting in a verdict of guilty and a sentence to pay

a fine of $250. Defendant appeals. The brief of defendant states that the fine was imposed by the District Court upon a stipulation made by plaintiff and defendant in open court.

Notwithstanding the admission of the facts the defendant contends that the statute, which he is charged with violating, is unconstitutional. Owing to the admission of defendant this is the only question for consideration. Other questions are discussed in defendant's brief.

The complaint was brought under Section 13, Chapter 452, Gen. Laws of Oregon 1927, page 686, which reads in part as follows:

"Except as provided in section 15 of this act, no person shall practice medicine or surgery in this state without being licensed so to do by the state board of medical examiners. A person shall be regarded as practicing medicine and surgery within the meaning of this act if he shall either (1) advertise, or hold out to the public, or represent in any manner that he is authorized to practice medicine or surgery in this state; or (2) for compensation directly or indirectly received or to be received, offer or undertake to prescribe, give or administer, any drug or medicine for the use of any other person; or (3) offer or undertake to perform any surgical operation upon any person; or (4) offer or undertake to diagnose, cure or treat in any manner any disease, illness, pain, wound, fracture, infirmity, deformity, defect or abnormal physical or mental condition of any person; or (5) who shall append the letters 'M.D.' or 'M.B.' to his name, or use the words 'Doctor' or 'Physician,' or 'Surgeon,' or 'Professor,' or 'Healer,' or 'Specialist,' or any abbreviation or combination thereof, or any letters or words of similar import in connection with his name, or any trade name in which he is interested, in the conduct of any occupation or profession pertaining to the diagnosis or treatment of

human diseases or conditions herein mentioned; (6) act as the representative or agent of any person in doing any of the things mentioned in subdivisions (1), (2), (3), (4) or (5) of this section."

Defendant asserts that the exceptions, Nos. 1 to 5 in Section 14 of the act contravene Article I, Section 20, of the Constitution of the State of Oregon. By these exceptions the act does not apply to (1) commissioned medical officers serving in the United States army, navy or public health service, or a full-time medical officer in the United States Veterans' Bureau, under United States laws; (2) the practice of medicine and surgery, by a duly appointed member of the resident staff, or by an interne, while actually serving as such in any legally incorporated hospital in this state, recognized as standard by the order of the state board of medical examiners, (3) or the practice of medicine and surgery by anyone duly licensed to practice in a neighboring state, who does not maintain an office or appoint a place to meet patients or receive calls within this state; (4) or the meeting in this state of any legally licensed practitioner of medicine and surgery of any other state or country with a duly licensed practitioner of medicine and surgery in this state, for consultation; (5) or the furnishing of medical or surgical assistance in cases of emergency requiring immediate attention.

It is also claimed by defendant that the act is in conflict with Article XIV of Section I of the Amendments to the Constitution of the United States. These contentions involve the same principles and, as we view it, they are settled questions in this state.

Defendant's assignment of error assumes that the act is in conflict with Section 20, Article I, of the state Constitution, which provides that: "no law shall be

passed granting to any citizen, or class of citizens, privileges or immunities which, upon the same terms shall not equally belong to all citizens.''

This class of legislation has its origin in the police powers of the state. Its object is to protect the inhabitants of the state from imposition by presumptuous pretenders. It has been upheld and sustained by this court in *State* v. *Randolph,* 23 Or. 74 (31 Pac. 201, 37 Am. St. Rep. 655, 17 L. R. A. 470); and also in the following cases in other states: *Porter* v. *State,* 58 Ala. 66; *State* v. *Goldman,* 44 Tex. 104; *Bibber* v. *Simpson,* 59 Me. 181; *Wert* v. *Clutter,* 37 Ohio St. 347; *People ex rel.* v. *State Board of Dental Examiners,* 110 Ill. 180, 185; *State* v. *Noyes,* 47 Me. 189. Neither the act in question nor the sections referred to is in conflict with the Constitution of the state or with that of the United States.

The right of every person to pursue any lawful business or occupation or profession he may choose, or prefer, subject to such restrictions as the government may impose for the protection of the health and welfare and safety of society is unquestioned. This paramount right, inherent in every government, to provide such regulations in regard to various vocations as the public welfare may require is very broad and comprehensive. In *State* v. *Medical Examining Board,* 32 Minn. 324 (20 N. W. 238, 50 Am. Rep. 575), and upheld by this court in the case of *State* v. *Randolph, supra,* we find the following:

"In the profession of medicine, as in that of the law, so great is the necessity for special qualifications in the practitioner, and so injurious the consequences likely to result from the want of it, that the power of the legislature to prescribe such reasonable conditions as are calculated to exclude from the profes-

sion those who are unfitted to discharge its duties, cannot be doubted.''

The law in question does not grant to some citizens or physicians, or class of them, some right or immunity which it denies to another, either within or without the state. It only establishes a rule of evi-dence by which qualifications to practice medicine and surgery is to be d'etermined. Any citizen may qualify himself in the manner pointed out by the law, and the privilege to so qualify is denied to no one.

The defendant complains more particularly for the reason the law permits physicians and surgeons from other states who are legally licensed therein, who may be called for an especial case or who may practice medicine or surgery across the line of their own state, who do not maintain an office in Oregon. This is not an arbitrary doctrine against the physicians or citizens of this state, or of any state. The act simply recognized the authority of the United States and of other states to prescribe the qualifications of physicians and surgeons. It is the application of the rule of a kind comity between the states and prescribes evidence of the qualifications of such physicians which the legislature deemed sufficient.

In *Dent* v. *West Virginia,* 129 U. S. 114, 122 (32 L. Ed. 623, 9 Sup. Ct. Rep. 231), Mr. Justice FIELDS used the following language:

''The nature and extent of the qualifications required must depend primarily upon the judgment of the state as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unat-

tainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation.''

The act under consideration is fair and reasonable. It imposes no conditions which cannot be readily met by reasonable study and application. The act is an appropriate exercise of the police powers of the state to protect the lives and health of its citizens.

The counsel for defendant in their brief and at the argument discuss the practice of naturopathy. The act in question does not regulate such practice. The defendant was charged with practicing medicine without a license. His admission of the facts preclude the necessity of any discussion thereof.

The act which he is accused of violating we hold to be valid.

The judgment of the trial court is therefore affirmed.                                    AFFIRMED.