Argued October 21, 1930; affirmed January 3, 1931

## STATE *v.* BURCKHARD
(294 P. 1103)

*Willis S. Moore,* of Salem, Assistant Attorney General (I. H. Van Winkle, of Salem, Attorney General, on brief), for the state.

*George P. Winslow,* of Tillamook (A. E. Hagglund and Botts & Winslow, of Tillamook, on brief) for respondent.

BELT, J.  The state appeals from an order sustaining a general demurrer to the following indictment:

"The said George Burckhard on the 25th day of September, A. D. 1929, in the said county of Tillamook

and state of Oregon, then and there being did then and there wilfully and unlawfully hunt for and have in his possession in said county and state, a certain game animal, to-wit, a deer, during closed season, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Oregon.''

At the time alleged in the indictment the defendant had a lawful right to hunt deer in Tillamook county (section 39-307, Oregon Code 1930) unless the statute thus declaring an open season for hunting (September 15 to October 20 of each year) was postponed or suspended by the proclamation of the Governor as follows:

''Whereas, because of the extreme drought which has prevailed for the past several months and continues to prevail throughout the entire state of Oregon, loss by forest fires is daily growing greater and more menacing to the forests of the state, and

''Whereas, forest fires inevitably result in the permanent destruction of vast areas of timber which constitutes one of the greatest sources of wealth in our state, and in addition endanger stock, destroy range, and cause serious loss of property, taking as their toll homes and sometimes lives, and

''Whereas, it appears upon showing made by F. A. Elliott, state forester of the state of Oregon, and upon other facts and information, that the use of firearms and fires by hunters during this season of the year under the prevailing conditions is liable to cause forest fires, with their attendant losses to both property and life,

''Now, Therefore, in view of the foregoing premises and by virtue of the authority in me vested by law, I, I. L. Patterson, Governor of the State of Oregon, do hereby close and suspend the open season for hunting which will begin in the state of Oregon on the fifteenth day of September, 1929, and I do hereby make said season a closed season for the shooting of wild birds and animals of any kind, and I do further proclaim and

declare that such open season is closed from the fifteenth day of September, 1929, until ordered open by proclamation for this office, and shall remain closed and suspended throughout and over the entire state of Oregon.

"In Testimony Whereof, I have hereunto set my hand and caused to be affixed the seal of the State of Oregon this eleventh day of September, A. D., 1929."

The above proclamation was issued by virtue of section 39-308, Oregon Code 1930, which provides:

"Whenever, or wherever, during or prior to an open season for the hunting of any kind of game in this state it shall appear to the Governor upon the showing of the forester that by reason of extreme drought the use of firearms or fire by hunters is, or might be, liable to cause fires, he may, by proclamation, postpone the opening of the hunting season and/or suspend the open season for the shooting of wild birds and animals of any kind for such time as he may designate, and during the time so designated all provisions of law relating to closed seasons for game shall be in force."

It is observed that the sole purpose of the above act, purporting to authorize the Governor to postpone or suspend the law relative to open season for hunting deer, is for the protection of forests against fires, and not for the conservation of game. It designates hunters as a particular class which constitutes a menace to the forests. The hunter, who pays his license fee and who looks forward to his annual vacation, is thus prohibited from hunting deer for two reasons, viz: the "use of firearms" and the building of fires. It is difficult to conceive how a forest fire could be started by the use of firearms—especially those used to hunt deer. Can it be that the legislature had in mind that a rifle bullet striking a tree might set it on fire? If so, there should be additional legislation concerning target

practice. Prohibiting the "use of firearms" by deer hunters on account of danger to forests is, in the opinion of the writer, absurd and unreasonable.

■ We next consider the other reason specified in the statute, namely, the building of fires. Of course, a camp fire may constitute a real menace. But it is more so by reason of being started by a hunter? What about the "tin-can" tourist or the neophyte fresh from the bright lights of Broadway? It is the opinion of the writer that the average hunter loves the great outdoors and appreciates the necessity of exercising care to preserve our magnificent forests. There must be some reasonable basis for the classification which the legislature made. What is it? Equal protection of the law is fundamental and courts will not permit a certain class to be discriminated against unless they can see some reasonable ground therefor. It is said in *Sterett & Oberle Packing Co. v. Portland,* 79 Or. 260, (154 P. 410, 415):

"Where a classification is based upon no reasonable ground and bears no just or proper relation to the object of the law, but is in fact an arbitrary selection and results in unjust discriminations, it cannot be justified, and the act attempting to make such classification must be declared void."

Also see *In re Oregon Tunnel Dist. No. 1,* 120 Or. 594, (253 P. 1). As stated in *Fountain Park Co. v. Hensler,* 199 Ind. 95, (155 N. E. 465, 50 A. L. R. 1518):

"The question of classification is primarily for the legislature and does not become a judicial question unless it clearly appears that the legislative classification is not based on substantial distinctions with reference to the subject-matter, or is manifestly unjust or unreasonable."

It is not difficult to conceive of a statute which would afford ample protection to forests without thus striking at a particular class.

■ We see no merit in the contention that the act is unconstitutional in that it purports to authorize a delegation of legislative authority. This question was considered in *Winslow v. Fleischner et al.*, 112 Or. 23, (228 P. 101, 34 A. L. R. 826), and there is no need to restate the law.

■ Aside from any constitutional question, the proclamation of the Governor is of no force or effect for the reason that it does not designate any time for the suspension or postponement of the act. The open season for hunting was closed ''from the fifteenth day of September until ordered open by proclamation * * *.'' Certainly it was not the intention of the legislature to vest in the Governor power to suspend the operation of a law for an indefinite period of time. The act purporting to authorize the issuance of such proclamation specifically provides that the Governor may postpone or suspend the open season ''for such time as he may designate, * * *.'' We conclude, therefore, that the proclamation is void for indefiniteness and uncertainty.

The order of the trial court in sustaining the demurrer to the indictment is affirmed.

COSHOW, C. J., RAND and KELLY, JJ., concur.