Argued October 1, affirmed October 20, 1954

## THOMPSON *v.* DICKSON ET AL.

275 P. 2d 749

*Ralph Moody* and *James B. Daniels,* of Salem, argued the cause for appellant. With them on the brief were Moody & Lamkin, of Salem; B. G. Skulason, Leo Smith, Anderson, Franklin & Landye, Francis Yunker and Ryan & Pelay, of Portland.

*Robert F. Maguire* and *Lamar Tooze,* of Portland, argued the cause for respondent William L. Dickson. With them on the brief were John M. Pipes, Andrew Koerner, Ralph H. King, Hugh L. Biggs and Edwin J. Welsh, of Portland. *Lloyd Hammel,* Assistant Attorney General, of Salem, argued the cause for respondent Earl T. Newbry, Secretary of State of the State of Oregon. With him on the brief was Robert Y. Thornton, Attorney General, of Salem.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK and PERRY, Justices.

LUSK, J.

Plaintiff has appealed from a decree of the Circuit Court which in effect determined that the defendant, William L. Dickson, is qualified to be a candidate for the office of judge of the Circuit Court of the State of Oregon for Multnomah County (Fourth Judicial District), Position No. 7, in the general election to be held November 2, 1954, and directed the defendant Secretary of State to certify the name of Mr. Dickson to the registrar of elections of Multnomah County to be placed on the ballot at such election and the registrar to place such name on the ballot.

On October 4, 1954, we announced our decision affirming the decree of the Circuit Court, the opinion to be prepared and filed later.

The plaintiff sues as a "citizen, taxpayer and resident of the City of Portland, County of Multnomah and State of Oregon" and as a "duly registered voter and elector for and in said city, county and state." No question has been raised by the defendants touching the plaintiff's capacity to maintain the suit or to urge any of the constitutional objections which are claimed to stand in the way of Mr. Dickson's candidacy.

The case was submitted on the pleadings, from which the following facts appear: At the primary election held on May 21, 1954, there were three candidates for the office in question, namely, the defendant, William L. Dickson; Thomas R. Mahoney; and Richard L. Burke, and the votes received in such election by each of such candidates were as follows: Dick-

son—53,823; Mahoney—41,493; Burke 38,558. No candidate having received a majority of the votes cast, it results that there must be a runoff between Mr. Dickson and Mr. Mahoney at the general election on November 2, 1954, unless Mr. Dickson is not a qualified candidate under the law.

The challenge to Mr. Dickson's qualifications arises solely from the fact that he is not a resident or elector of Multnomah County but resides in and is an elector of Oswego, Clackamas County, two miles south of the boundary of Multnomah County. ORS 3.040, the statute around which the controversy resolves, provides in part:

"(1) The judges of the circuit courts shall be citizens of the United States, and shall have resided in Oregon at least three years next preceding their election or appointment. They shall also be residents of their districts and shall have maintained such residence for at least one year immediately prior to becoming candidates either for election or appointment; *provided, that in districts comprising but one county now or hereafter having a population of 200,000 or more, judges of the circuit courts shall be residents of their districts or shall have resided within 10 miles of the district boundary for a period of at least one year immediately prior to becoming candidates either for election or appointment.*" (Italics added.)

The statute, as originally enacted in 1878, did not contain the language which we have italicized. Oregon Laws 1878, p. 32 § 9. The proviso affecting districts comprising but one county having a population of 200,000 or more was adopted in 1935. Oregon Laws 1935, ch. 341. The Fourth Judicial District is such a district. So far as residence is concerned, Mr. Dickson is qualified under the proviso for the position of circuit

judge for that district. The plaintiff contends, however, that the proviso is unconstitutional.

It is said, first, that the proviso conflicts with Art. VII § 1 of the State Constitution, which reads in part as follows:

> "The judicial power of the state shall be vested in one Supreme Court and in such other courts as may from time to time be created by law. The judges of the Supreme and other courts shall be elected by the legal voters of the State or of their respective districts for a term of six years * * *."

We are unable to find in the foregoing language any requirement of residence in the district as a qualification for the office of circuit judge. The provision tells us who shall elect the judges, not where they must reside. It means that the electors of the district in which a judge is to preside shall elect him. It is, in truth, the provision of the Constitution which determines the method of selecting judges and their tenure, and it has nothing whatever to do with the qualifications of persons for judicial office. This is the manifest construction of the language. But, if support were needed for this conclusion beyond the language itself, it is found in the history of the section and in other provisions of the Constitution. Article VII is a revision of the judiciary article of the Constitution adopted in 1910. The predecessor of § 1 of the present Art. VII was § 2 of original Art. VII, which provided in part:

> "The supreme court shall consist of four justices, to be chosen in districts by the electors thereof, who shall be citizens of the United States, and who shall have resided in the state at least three years next preceding their election, and after their election, to reside in their respective districts."

Section 10 of original Art. VII provided that until Oregon attained a population of 200,000 Supreme Court justices should sit as Circuit Court judges at least twice a year in each county organized for judicial purposes.

■ The omission from the new Art. VII § 1 of any language respecting the residence of judges, in contrast to the inclusion of such a provision in original Art. VII § 2, emphasizes the intention not to impose residence qualifications for judicial office. Where such qualifications are imposed by the Constitution the provisions therefor are clear and explicit. Thus, Art. IV § 8 provides that no person shall be a senator or representative "who has not been for one year, next preceeding [sic] his election an inhabitant of the county, or district whence he may be chosen", Art. V § 2 declares that no person shall be eligible to the office of governor who "shall not have been three years next preceding his election, a resident within this State", and Art. VI § 8 provides "No person shall be elected, or appointed to a county office, who shall not be an elector of the County". There is no provision anywhere in the Constitution similar to the foregoing respecting the office of judge, and we are not at liberty to read such a requirement into Art. VII § 1. See *Bigney v. Secretary of Commonwealth,* 301 Mass 107, 16 NE2d 573, 120 ALR 669.

■ In *State ex rel Powers v. Welch,* 198 Or 670, 259, P2d 112, we held that where the Constitution provides a qualification for office the legislature cannot prescribe additional qualifications. The case had to do with the office of county surveyor, who must, under Art. VI § 8, be "an elector of the county". If the contention of the plaintiff in this case were to be sustained then it would follow that the provision of ORS 3.040,

hereinafter italicized, that the judges of the Circuit Court shall "be residents of their districts and *shall have maintained such residence for at least one year immediately prior to becoming candidates either for election or appointment*" is unconstitutional and void, notwithstanding the fact that this provision has been in effect for over seventy-five years without any question ever having been raised as to its constitutionality.

At common law there were no residential requirements for candidates for elective offices. 67 CJS 128, Officers § 15; 42 Am Jur 914, Public Officers § 45. And a restriction requiring a candidate to be a resident of the district in which he is elected is in derogation of the common law, and therefore must be expressly stated. 120 ALR 672. We find no provision of the Oregon Constitution imposing a residence qualification for the office of circuit judge, and hold that there is no conflict between ORS 3.040 and Art. VII § 1 of the Constitution.

It is next contended that the 1935 Amendment violates Art. I § 20 of the State Constitution and the Fourteenth Amendment to the Constitution of the United States, and Art. IV § 23, Subdivision 13, of the State Constitution. The provision last mentioned prohibits the passing of special or local laws "Providing for opening and conducting the elections of state, county, and township officers, and designating the places of voting". This is purely a procedural provision, and has nothing to do with the qualifications of candidates for office. *Ladd v. Holmes,* 40 Or 167, 66 P 714.

According to the plaintiff's brief, the proviso in ORS 3.040 adopted in 1935 contravenes Art. I § 20 of the Oregon Constitution and the Fourteenth Amendment of the Constitution of the United States because

it is "arbitrary, discriminatory and constitutes class legislation, in purporting to grant extra-territorial privileges to one residing outside of a duly constituted electoral district."

With respect to the Fourteenth Amendment, it is not clear to us whose constitutional rights are claimed to be invaded by the 1935 Amendment. It is difficult at any rate to understand how any privilege or immunity of the plaintiff as a citizen of the United States is abridged by a law which permits Mr. Dickson, although he does not reside in Multnomah County, to be a candidate for judge in that county, or how the plaintiff is thereby deprived of the equal protection of the laws. But we pass the question of the plaintiff's right to raise these questions.

■ The "privileges and immunities" clause of the Fourteenth Amendment is not involved, because that clause is a guaranty of protection of "privileges and immunities" held by virtue of citizenship of the United States, not of a state, and, in any view of the case, there are no such rights asserted here. See, 12 Am Jur 92, Constitutional Law § 448; *In re Lockwood,* 154 US 116, 38 L ed 929, 14 S Ct 1082.

The "equal protection" clause of the Fourteenth Amendment may be considered with Art. I § 20 of the Oregon Constitution, which provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

As we understand it, the argument for plaintiff is that the challenged statute grants to Mr. Dickson (and to other lawyers similarly situated) the privilege of becoming a candidate for circuit judge in Multnomah

County (although he does not reside there), while withholding a similar privilege from lawyers who might wish to become candidates for circuit judge in other judicial districts in which they do not reside.

■ It is well settled by numerous decisions of the courts, both federal and state, that constitutional guaranties against so-called class legislation do not prevent the legislature from resorting to classification in order to accomplish a legitimate public purpose; and that the burden is upon the party challenging the constitutionality of the law to show beyond a reasonable doubt that the classification adopted is arbitrary and unreasonable and without any rational relationship to the end sought to be achieved. The general principle was thus stated in *In Re Oberg,* 21 Or 406, 411, 28 P 130, 14 LRA 577:

"* * * Legislation which affects alike all persons pursuing the same business, under the same conditions, is not such class legislation as is prohibited by the constitution of the United States, or of this state."

In providing such a classification the legislature has a wide discretion and the courts will not undertake to question the legislative judgment unless they can say that the legislature could not have had any reasonable grounds for believing that they were public considerations justifying the distinction made by the law. *Armour & Co. v. North Dakota,* 240 US 510, 60 L ed 771, 36 S Ct 440, Ann Cas 1916D, 548. See, also, *Mutual Loan Company v. Martell,* 222 US 225, 56 L ed 175, 32 S Ct 74, Ann Cas 1913B, 529; *Savage v. Martin,* 161 Or 660, 694, 91 P2d 273; *Wrenn v. Portland Loan Co.,* 155 Or 395, 399, 64 P2d 520.

■ A legislative classification based upon population has been repeatedly upheld by this court, and at

this date it is too late to contend that such a classification is per se unconstitutional. *Foeller v. Housing Authority of Portland,* 198 Or 205, 256 P2d 752; *State v. Kincaid,* 133 Or 95, 285 P 1105, 288 P 1015; *In Re Application of Boalt,* 123 Or 1, 260 P 1004; *City of Pendleton v. Umatilla County,* 117 Or 140, 241 P 979; *Tichner v. Portland,* 101 Or 294, 200 P 466. Nor is classification based on a limited geographical area designated by a certain number of miles beyond a political boundary per se arbitrary or discriminatory. *State v. Kozer,* 116 Or 581, 242 P 621. In that case, which involved the validity of a law regulating motor vehicles not common carriers, "within the boundaries of incorporated cities or towns  *  *  *  or within five miles beyond the boundaries of such cities or towns", the court said in answering the question "Why make it a five-mile limit?":

"  *  *  *  Such matters rest within the discretion of the legislature and are not subject to review when their purpose is in keeping with the general legislation of the state in building and maintaining roads."

■ The test laid down by this court for determining whether a classification based on population is reasonable or arbitrary was stated in *Ladd v. Holmes,* supra, 40 Or 173, thus:

"  *  *  *  It may not be arbitrary, and requires something more than a mere designation by such characteristics as will serve to classify. The mark of distinction must be something of substance, some attendant or inherent peculiarity calling for legislation suggested by natural reason of different character to subserve the rightful demands of governmental needs. So that, when objects and places become the subject of legislative action, and it is sought to include some and exclude others, the

inquiry should be whether the distinctive characteristics upon which it is proposed to found different treatment are such as in the nature of things will denote in some reasonable degree a practical and real basis for discrimination.''

■ Viewed in the light of these settled principles, we cannot say that the law under review is arbitrary or violates any provision of the federal or the state Constitution invoked by the plaintiff. We need state but one ground which the legislature may have reasonably believed justified making the distinction it did make between a judicial district having a population of 200,000 or more and those less populous. It is a matter of common knowledge that a great many persons, including, no doubt, many lawyers, who transact their business or practice their profession in the city of Portland, have their homes in what is called the ''metropolitan area'' beyond the boundaries of Multnomah County. The legislature may well have deemed it in the public interest, and particularly in the interest of the administration of justice, that such a district should not be deprived of the opportunity to secure the services as judges of lawyers so situated, and who, so far as their professional activities are concerned, are as much a part of the local community as the lawyers who maintain their homes there. The court cannot pronounce such a belief unreasonable, or hold that, in view of ''the distinctive characteristics'' found in judicial districts having 200,000 population or more, there is not ''in some reasonable degree a practical and real basis for discrimination'' (*Ladd v. Holmes,* supra), without making a decision committed to another branch of the government.

■ Finally, the plaintiff contends that Mr. Dickson is disqualified as a candidate because, in his declaration

of candidacy in which he gave his residence as Oswego, Clackamas County, State of Oregon, and his post office address as 1825 Palisades Terrace, Town of Oswego, he omitted to state that his residence in Clackamas County is within ten miles of the district boundary of the Fourth Judicial District. We have been cited to no statute and have found none which requires a candidate for the office of circuit judge under the nonpartisan judiciary law to include such information in his declaration of candidacy. A copy of Mr. Dickson's declaration of candidacy is attached to the complaint. We have examined it and find that it fully complies with all the requirements of the law.

Our consideration of the briefs in this case, and the oral argument of counsel, leads us to the conclusion that there is no merit in the contention that Mr. Dickson is not a duly qualified candidate for the office of circuit judge of the Fourth Judicial District, Department No. 7, and the decree of the Circuit Court is, therefore, affirmed.