ROBERT E. BIGNEY *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk. August 31, 1938. — September 1, 1938.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Executive Council.*

The fact that one, otherwise qualified, is not a resident or inhabitant of a councillor district does not make him ineligible for election as councillor by the voters of that district under art. 16 of the Amendments to the Constitution of the Commonwealth.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on August 19, 1938.

The petition was dismissed by order of *Ronan,* J. The petitioner alleged exceptions.

The case was submitted on briefs.

*R. E. Bigney & L. Mason,* for the petitioner.

*P. A. Dever,* Attorney General, *A. V. Sullivan & J. J. Kelleher,* Assistant Attorneys General, for the respondent.

FIELD, C.J. This is a petition for a writ of mandamus commanding the respondent, the Secretary of the Commonwealth, to refrain from issuing ballots for use in the Fourth Councillor District at the State primaries to be held on September 20, 1938, containing the name of Daniel H. Coakley as a candidate for the Democratic nomination for councillor. The case was heard by a single justice of this court on the petition and answer. He denied requests for rulings made by the petitioner, and ordered the petition dismissed. The petitioner excepted.

It appears from the record that said Coakley is an inhabitant of the Commonwealth but is not a resident (or inhabitant) of the Fourth Councillor District. The bill of exceptions states that "The case was heard solely upon the question whether a nonresident of the Fourth Councillor District was eligible for election as Councillor from said district."

The fact that said Coakley is not a resident or inhabitant of the Fourth Councillor District does not render him ineligible for election as councillor by the voters of said district.

The constitutional provision now governing eligibility for election as councillor by the people is contained in art. 16 of the Amendments to the Constitution of the Commonwealth. It is therein provided, in part, that "Eight councillors shall be annually chosen by the inhabitants of this commonwealth, qualified to vote for governor. The election of councillors shall be determined by the same rule that is required in the election of governor. The legislature, at its first session after this amendment shall have been adopted, and at its first session after the next state census shall have been taken, and at its first session after each decennial state census thereafterwards, shall divide the commonwealth into eight districts of contiguous ter-

ritory, each containing a number of inhabitants as nearly equal as practicable, without dividing any town or ward of a city, and each entitled to elect one councillor . . . . No person shall be eligible to the office of councillor who has not been an inhabitant of the commonwealth for the term of five years immediately preceding his election . . . ." (By art. 64, § 1, of the Amendments to the Constitution, however, provision is made for biennial elections of councillors.) The Constitution contains no other express provision governing the eligibility of a person for election as councillor by the people. It is not contended that said Coakley has not been an "inhabitant of the commonwealth for the term of five years." While said art. 16 provides that each councillor district therein provided for is "entitled to elect one councillor," it does not expressly provide that the councillor so elected shall be a resident or inhabitant of the district.

No statute requires that a councillor elected by the people be a resident or inhabitant of the councillor district by which he is elected even if we assume, as we do not imply, that it would be competent for the Legislature to impose such a limitation upon eligibility. See *Opinion of the Justices*, 165 Mass. 599, 601–602.

We think, moreover, that there is no sound basis for the implication that a councillor elected by the people of any councillor district shall be a resident or inhabitant of such district. The Executive Council exists for the purpose of "advising the governor in the executive part of government." Constitution, Part II, c. 2, § 3, art. 1. It is "part of the executive branch of the government of the Commonwealth." *Murphy* v. *Casey*, 300 Mass. 232, 235. See *Answer of the Justices*, 214 Mass. 602, 604, 605. There is nothing inherent in the nature of the duties of the office of councillor which as matter of law — apart from considerations of governmental policy as to which opinions may differ — requires that a councillor be a resident or inhabitant of the councillor district by which he is elected. Indeed, between 1840, when art. 13 of the Amendments was adopted, and 1855, when art. 16 was adopted, council-

lors were elected "by the joint ballot of the senators and representatives" "from among the people at large," although it was provided that "not more than one councillor shall be chosen from any one senatorial district in the commonwealth." See art. 13. When it has been deemed essential or desirable that an officer elected by the people shall be a resident or inhabitant of the district by which he is elected, express provision has been made to that end. See, for example, as to senators, Constitution, Part II, c. 1, § 2, art. 5; as to representatives, art. 21 of the Amendments to the Constitution. Constitution, Part II, c. 1, § 3, art. 3. *Opinion of the Justices*, 240 Mass. 601, 607. The omission of any such requirement for eligibility for election to the office of councillor is significant. The Constitution and its Amendments are to be interpreted as a whole. *Opinion of the Justices*, 291 Mass. 578, 586. Had it been contemplated that councillors should necessarily be residents or inhabitants of the councillor districts respectively by which they were elected, provisions to that effect naturally would have been made as in the case of senators and representatives. In the light of the provisions relating to other officers, the omission of such a requirement must be taken to have been intentional. Similar considerations apply to the provision, now in effect, relating to the filling of vacancies in the office of councillor contained in art. 25 of the Amendments. It is there provided, in part, that "In case of a vacancy in the council, from a failure of election or other cause, the senate and house of representatives shall, by concurrent vote, choose some eligible person from the people of the district wherein such vacancy occurs, to fill that office." This requirement that the choice of an "eligible person" shall be made "from the people of the district wherein such vacancy occurs" would have been unnecessary if only a resident or inhabitant of the district was eligible for the office. It may well be that it was contemplated that, while the people of a councillor district might, if they saw fit, elect as councillor a person not a resident or inhabitant of that district, such a power should not be conferred when the election was to be made, not by the

people of the district, but by the Senate and House of Representatives.

Art. 16 of the Amendments, upon its adoption and the division of the Commonwealth into councillor districts as therein provided (see *Opinion of the Justices*, 3 Gray, 601, 602–603), made a substantial change in the method of electing councillors provided by art. 13 of the Amendments. And while art. 16 carried forward the requirement of inhabitancy within the Commonwealth for a period of five years, embodied in art. 13, it contained no provision similar to that in art. 13 that not more than one councillor should be chosen from any one senatorial district. This provision in art. 13 clearly was repealed by art. 16 which purports to state the qualifications of a person for election as councillor. Neither from art. 13 nor from the earlier provisions relating to the election of councillors (see Constitution, Part II, c. 2, § 3, arts. 2 and 4) can an implication be drawn that art. 16 requires residence or inhabitancy within the councillor district by which the councillor is elected.

The Constitution "was written to be understood by the voters to whom it was submitted for approval. It is to be interpreted in the sense most obvious to the common intelligence." *Yont* v. *Secretary of the Commonwealth*, 275 Mass. 365, 366. We think it cannot be said that the voters, to whom art. 16 of the Amendments was submitted for approval, would have understood that a person to be elected councillor must be a resident or an inhabitant of the councillor district by which he was elected.

In view of the conclusion reached on the fundamental question upon which the case was heard, it is unnecessary to consider other questions or to determine whether on any other ground the order dismissing the petition was right.

*Exceptions overruled.*