ANSWER OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Opinions of the Justices. *Supreme Judicial Court*, Opinions of the Justices.

The Justices declined on October 1, 1980, to answer questions by the Senate as to the constitutionality of a bill which ceased to be pending before the General Court when the legislative session ended on July 5, 1980. [697]

On October 1, 1980, the Justices submitted the following answer to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the questions set forth in an order adopted by the Senate on May 6, 1980, and transmitted to us on May 12, 1980. The order recites that there is pending before the General Court a bill entitled "An Act relative to title to tidelands lying within the city of Boston and bordering on or near the waters of the commonwealth." (Senate No. 2150.)

Section 1 of the bill declares that no implied conditions, restrictions or limitations on use shall be held to have been created in the waters of the Commonwealth located within the city of Boston unless expressly set forth in the dispositive instrument.

Section 2 would extinguish all the Commonwealth's vestigial rights in the title to all tidelands within the city of Boston lying landward of the 1980 Line "which have been or are hereafter filled in accordance with the express language of any applicable grants, licenses, deeds, special or general acts, or any other instruments of the commonwealth." The bill declares that such dispositions are for the public purpose of "promoting the commercial, industrial,

residential, conservation and recreational development of the city of Boston."

Section 2 also provides an adminstrative procedure with regard to lands lying seaward of the 1980 Line. Any record owner of an interest in tidelands within the city of Boston lying seaward of the 1980 Line may apply to the Secretary of Environmental Affairs, or his designee, to extinguish any vestigial rights of the Commonwealth. The Secretary is authorized to hold a public hearing, after notice, and is required to find that the proposed use is a proper public purpose which "may continue or come into being without detriment to the public navigation of the remaining waters of the commonwealth or to the port of Boston or Boston harbor." The Secretary may impose conditions on the release and extinguishment of the Commonwealth's rights, including "public access to the water and payment to the commonwealth of reasonable compensation . . . ." Determinations of the Secretary are subject to judicial review under G. L. c. 30A.

The order asserts that grave doubt exists as to the constitutionality of the bill if enacted into law and propounds the following questions of law:

"1. Would section one of said senate bill, if enacted, cure title and eliminate any vestigial rights of the commonwealth, whether by way of implied condition, public trust or otherwise, in and to any and all tidelands or submerged lands located within the city of Boston?

"2. Would section two of said senate bill, if enacted, cure title and eliminate any vestigial rights of the commonwealth, whether by way of implied condition, public trust or otherwise, in and to any and all tidelands or submerged lands located within the city of Boston lying landward of the 1980 Line and

"a. filled by private or public entities or persons pursuant to general or special legislation containing no express conditions restricting use; or

"b. filled by private or public upland landowners pursuant to authority contained in the Colonial Or-

dinance of 1641-1647 prior to the effective date of St. 1866, c. 149, requiring the licensing of any such fill; or

"c. filled pursuant to licenses granted by the Board of Harbor Commissioners or its successor agencies pursuant to St. 1866, c. 149, as amended and now in law as chapter ninety-one of the General Laws, either where such licenses contain no express language of condition or where there is express language of condition; or

"d. which have been both continuously filled and privately occupied for a period of twenty years beginning after the effective date of Revised Statutes, Chapter 119, Section 12 (effective April 30, 1836) and creating a twenty year statute of limitations affecting real estate interests of the commonwealth and ending before the effective date of St. 1867, c. 275 (effective May 27, 1867), and purporting to exempt interests of the commonwealth in lands below the line of primitive mean high water from the application of any statute of limitations; or

"e. filled by the commonwealth or one of its agencies or political subdivisions or bodies politic and corporate pursuant to the provisions of general or special legislation, and thereafter, conveyed to private landowners either for consideration or without consideration?

"3. Would said bill, if enacted into law, be in contravention of Section one of Article XIV of the Amendments to the Constitution of the United States, or Article X of Part the First of the Constitution of the Commonwealth, guaranteeing due process and equal protection of the laws?

"4. Would said bill, if enacted into law, be in contravention of Article IV, of Section one, of Chapter one, of Part the second of the Constitution of the Commonwealth, as exceeding the power of the General Court to make all manner of wholesome and reasonable statutes?

"5. Would said bill, if enacted into law, require a two-thirds vote of both branches of the General Court

under Article XCVII of the Articles of Amendment of the Constitution of the Commonwealth?

"6. Would the said bill, if enacted into law, be an unlawful delegation of legislative power and responsibility to regulate the public trust over certain tidelands in violation of Article XCVII of the Articles of Amendment, or Article XXX of Part the First of the Constitution of the Commonwealth?"

We invited briefs from interested persons to be filed by June 3, 1980.[1] By operation of law the legislative session ended on July 5, 1980. Consequently the bill referred to in the order is no longer pending in the General Court. Therefore, no solemn occasion exists authorizing and requiring us to render our opinions. Part II, c. 3, art. 2, of the Massachusetts Constitution, as amended by art. 85 of the Articles of Amendment. *Answer of the Justices,* 374 Mass. 861 (1978). *Answer of the Justices,* 374 Mass. 858 (1978). *Answer of the Justices,* 371 Mass. 902 (1976). Regretfully, we must decline to answer the question.

The questions may well present serious constitutional issues regarding which either House of the 1981 Legislature may wish advice. In that event, a new order requesting our opinion may be adopted.

The foregoing answer is submitted by the Chief Justice and the Associate Justices, subscribing hereto on the first day of October, 1980.

> EDWARD F. HENNESSEY
> FRANCIS J. QUIRICO
> ROBERT BRAUCHER
> BENJAMIN KAPLAN
> HERBERT P. WILKINS
> PAUL J. LIACOS
> RUTH I. ABRAMS

---

[1] Briefs were filed by the following: the Attorney General, the Conservation Law Foundation of New England, Inc., and also by the Abstract Club and the Massachusetts Conveyancers' Association, which are voluntary associations of members of the Bar of the Commonwealth, whose practices and professional interests are principally concerned with the laws relating to real property.