ARTHUR R. HILSINGER, JR., & others *vs.* SECRETARY OF THE
COMMONWEALTH & others.

Suffolk. September 15, 1982. — January 14, 1983.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law*, Initiative, General Court, Opinions of the Justices.
*Initiative. Supreme Judicial Court*, Opinions of the Justices.

Where an amendment to the Massachusetts Constitution, which had been
proposed by initiative petition, was considered by a joint constitu-
tional convention of the General Court whose members first adopted,
by voice vote, a proposal striking the amendment in its entirety and
substituting a "widely divergent" text and thereafter, by the recorded
vote of more than three fourths of the members, referred the substi-
tuted proposal to the next session of the General Court, this court con-
cluded that the original proposal by initiative had failed to receive the
approval of one fourth of the members of the convention as required
by art. 48 of the Amendments to the Constitution of the Common-
wealth, The Initiative, IV, §§ 4 and 5, and thus was a nullity for pur-
poses of the next convention. [4-5]
A proposed amendment to the Massachusetts Constitution was a "legisla-
tive amendment" requiring a majority favorable vote by the General
Court in constitutional convention for it to be submitted to the people
at the 1982 State election, rather than an amended "initiative amend-
ment" requiring only a one fourth favorable vote for it to be so submit-
ted where the proposed amendment, as altered by legislative action,
differed so substantially from that contained in the original petition as
to render it "a measure created entirely by the Legislature." [5-7]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 23, 1982.

The case was reported by *O'Connor*, J.

*Joseph D. Alviani* (*Robert R. Ruddock* with him) for the plaintiffs.

*Alexander G. Gray, Jr.*, Assistant Attorney General & *James McIntyre* for the defendants.

*Robert J. Muldoon, Jr.*, & *Devra G. Bailin* for Massachusetts Teachers Association, amicus curiae, submitted a brief.

LYNCH, J. The plaintiffs, the first ten signers of a proposed amendment to the Constitution of the Commonwealth, introduced by initiative petition, commenced this action on August 23, 1982, pursuant to G. L. c. 231A, G. L. c. 211, § 3, and G. L. c. 214, § 1, seeking declaratory and injunctive relief in the nature of mandamus. The plaintiffs sought to have a tax-limitation measure, introduced by initiative petition and considered by the General Court in 1980, included on the ballot in the general election to be conducted in November, 1982. A single justice of this court denied the plaintiffs' motion for a preliminary injunction on August 26, 1982, and granted their motion to reserve and report the matter to the full bench. See Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We heard the matter on September 15, 1982, on a statement of agreed facts. On September 23 we issued an order denying relief.[1] The factual background of this case is set forth in *Opinion of the Justices*, 386 Mass. 1201 (1982), wherein the Justices were presented with seven questions, propounded by the Senate, and arising in part from its "[g]rave doubt . . . as to the procedure to be followed relative to House No. 6252, as amended . . . ." *Id.* at 1203. This action is concerned with the Justices' answer to Question 3.[2] We summarize the essential facts.

---

[1] The order stated, "It is ordered that proposed amendment to the Constitution House No. 6252, was not properly enacted, either as originally submitted or as amended, so as to qualify for submission to the people at the next State election."

[2] Question 3, which was answered in the affirmative was, "Do the amendments to said House No. 6252 adopted on September 18th, 1980

In 1979, the plaintiffs submitted an initiative petition for an amendment to the Constitution of the Commonwealth to the Attorney General. The measure consisted of nine sections and bore the stated intent to preserve "a reasonable relationship . . . between the taxes imposed by the Commonwealth and its political subdivisions and the income of its people, between taxes on property and its value, and between the taxes imposed by the Commonwealth and its political subdivisions and the taxes imposed by other states." The initiative petition was seasonably transmitted to the Secretary of the Commonwealth, and by him to the clerk of the House of Representatives in April, 1980, in accordance with art. 48 of the Amendments to the Constitution of the Commonwealth. The measure, numbered House No. 6252, subsequently received an unfavorable recommendation from a joint committee on taxation, and was laid before the 1980 legislative constitutional convention in May, 1980. That convention adjourned in July without having acted upon House No. 6252, and was ordered by the Governor, pursuant to art. 48, The Initiative, IV, § 2, to reconvene "to the end that final action [might] be taken upon all proposals for Constitutional Amendments properly before it." Thereafter, on September 18, the convention adopted, by voice vote, an amendment introduced by Representative Gerald M. Cohen, striking out every section of House No. 6252 and substituting twenty-one new sections. Thus "amended," House No. 6252 was approved, by a vote of 172 to 9, for referral to the next General Court.

Under art. 48, the Initiative, IV, §§ 4 and 5, an initiative amendment would require, for submission to the people, "the affirmative votes of not less than one-fourth of all the members" of two consecutive joint sessions of the General Court; a "legislative amendment," defined by art. 48, The

and referred to the next general court require in the next constitutional convention the affirmative votes of not less than a majority of all members elected to the general court in order to submit said House No. 6252, as amended, to the people at the biennial state election in 1982?"

Initiative, IV, § 1, as "an amendment introduced by a member of either house," would require no less than a majority vote of all the members in two consecutive joint sessions in order to be placed on the ballot. In the *Opinion of the Justices, supra* at 1211, the Justices interpreted Question 3 as asking whether a vote, in the next constitutional convention, approving the Cohen amendment by more than one fourth but less than a majority, would be sufficient to submit the measure to the people. They concluded that, as the Cohen amendment and the initiative amendment which it sought to amend were "widely divergent," the Cohen amendment was "a legislative amendment" which would require "at least a majority vote of the members of the General Court in order to appear on the ballot." *Opinion of the Justices, supra* at 1210-1212. Relying on that opinion, the Legislature, having voted 111 to 78 against the measure at the ensuing constitutional convention, did not transmit it for inclusion on the ballot for the November, 1982, general election.

The present complaint asks us not to follow the Justices' answer to Question 3, and to rule either that the initiative amendment was properly amended by the Cohen amendment pursuant to art. 48, The Initiative, IV, § 3, or that the initiative amendment in its original form remained valid. The plaintiffs sought to compel the inclusion of the measure in some form on the November, 1982, ballot. Mindful of our duty "to guard against any influence flowing from the earlier [advisory] opinion," see *Boston* v. *Treasurer & Receiver Gen.*, 237 Mass. 403, 410 (1921), aff'd, 260 U.S. 309 (1922), after considering the arguments of the parties, we conclude that the Justices were correct and that the initiative amendment failed to receive the approval necessary to refer it to the next General Court.

1. We consider first the plaintiffs' contention that, if the Cohen amendment did not validly amend House No. 6252, the original measure remained valid, warranting an exercise of our equitable powers to assure its consideration by the Legislature or its inclusion on the November, 1982, ballot.

The plaintiffs maintain that, "in part upon its belief that it had properly amended [House No. 6252], and in part upon its reliance on [*Opinion of the Justices, supra*]," the General Court failed at both its 1980 and 1982 constitutional conventions "to approve or disapprove [House No. 6252] as submitted." We think, however, that the General Court's 1980 agreement, by considerably more than three fourths of its members, to refer the Cohen amendment to the next joint session, was an expression of its disapproval of House No. 6252 as originally submitted.[3] Not having received approval by one fourth of the members of the 1980 constitutional convention, as required by art. 48, the Initiative, IV, § 4, House No. 6252 became a nullity for the purposes of the next constitutional convention.

2. We turn next to the plaintiffs' argument that House No. 6252 was properly amended by the 1980 constitutional convention, and, as an amended initiative amendment, received the requisite one-fourth vote at both the 1980 and 1982 sessions necessary for its submission at the general election of November, 1982. The Justices' answer to Question 3 disposes of this argument. *Opinion of the Justices,* 386 Mass. at 1211. There, the Justices undertook to determine "whether the Cohen amendment [was] a 'legislative amendment' or an amended 'initiative amendment.'" *Id.* For the purpose of answering the propounded question, the Justices "assume[d] that the General Court, acting pursuant to art. 48, The Initiative, IV, § 3, properly 'amended' the

---

[3] We are mindful that the Cohen amendment, striking all nine sections of House No. 6252 and substituting twenty-one new sections, was adopted by voice vote with no call for the yeas and nays. We believe, however, that the agreement, by a vote of 172 to 9, to refer the Cohen amendment to the next General Court, acted as a "[f]inal legislative action" disapproving House No. 6252 in its original form. See art. 48, The Initiative, IV, § 4. Cf. *Opinion of the Justices,* 291 Mass. 578, 582-584 (1935). We are influenced, in part, by the parties' agreement that the Cohen amendment was undertaken pursuant to § 3 of art. 48, The Initiative, IV, under which a call for the yeas and nays to amend an initiative petition is required only if called for. There is no indication that a vote by yeas and nays was called for by any member.

initiative amendment by substituting the Cohen amendment for that measure." *Id.* at 1210-1211. Indeed, had the Legislature undertaken to introduce a "legislative amendment" pursuant to art. 48, The Initiative, IV, §§ 1 and 2, we doubt that Question 3 would have been propounded. As presented, the question required the Justices to look beneath the form of the Cohen amendment to its substance and effect, viewed in the light of the governing purposes of art. 48, The Initiative, IV. In this sense, their inquiry was identical to that in *Buckley* v. *Secretary of the Commonwealth,* 371 Mass. 195 (1976), wherein the court examined the substance of a legislative measure adopted as a "legislative substitute" for an initiative petition to enact a ban on the private possession and sale of handguns. Finding that the Legislature's alternative proposal was "quite different in content and effect" from the original petition, *Buckley* v. *Secretary of the Commonwealth, supra* at 202, the court said that it "would be unreasonable to construe the 'legislative substitute' provision [of art. 48] as restoring to the General Court the power to propose laws for popular enactment, except as true substitutes for initiative proposals." *Id.* at 200. The court ordered that the Secretary be restrained from putting the Legislature's proposal on the ballot.

Our decision today adopts the same reasoning. The Justices delineated in some detail how substantially the Cohen amendment differed from the original House No. 6252, so as to·render it "a measure created entirely by the Legislature." *Opinion of the Justices, supra* at 1212. See discussion, *id.* at 1205-1210. As such, the Cohen amendment would have required approval by at least a majority of the Legislature, and not the mere "legislative minority check" required in the case of a measure introduced by way of the "people's process." *Buckley* v. *Secretary of the Commonwealth, supra* at 199. They pointed out that to allow the Cohen amendment to come before the people on a vote of one fourth of the General Court "would be inconsistent with the purpose for which the 'legislative minority check' was adopted." *Opinion of the Justices, supra* at 1212. As

an entirely new proposal and a creature of the Legislature, the Cohen amendment was, despite its form of adoption, in essence a "legislative amendment." As such it was properly subject to the provisions of art. 48, The Initiative, IV, §§ 4 and 5, pertaining to "legislative amendments," and not to the provisions in the same sections relating to "initiative amendments." See *Buckley* v. *Secretary of the Commonwealth, supra* at 203 (a legislative measure duly adopted as a "legislative substitute" did "not conform to the requirements of art. 48 . . . for a legislative substitute"). See also *Slama* v. *Attorney Gen.,* 384 Mass. 620 (1981); *Cohen* v. *Attorney Gen.,* 357 Mass. 564 (1970).

The parties to the present action have acknowledged that the Cohen amendment, adopted, as it was, pursuant to § 3 of art. 48, the Initiative, IV, perforce did not meet the requirement of § 2 of art. 48, IV, that, by a vote of either house, it be laid before a joint session not later than the second Wednesday in May. This issue raised by this acknowledgment was not among the questions propounded by the Senate, nor was it part of the answer in *Opinion of the Justices, supra* at 1212 n.3. Since the measure failed to receive the affirmative votes at the 1982 constitutional convention of a majority of all the members elected, the question of its validity is not now before us. The *Opinion of the Justices* should not be read to imply that a "legislative amendment" may be introduced in a joint session, laid before a joint session later than the second Wednesday in May, then be referred to the next General Court, and, ultimately, to the people for approval. See *Opinion of the Justices,* 370 Mass. 869 (1976); *Lamson* v. *Secretary of the Commonwealth,* 341 Mass. 264, 272 (1960), citing *Opinion of the Justices,* 237 Mass. 589, 591 (1921); *Opinion of the Justices,* 334 Mass. 745, 758 (1956); *Opinion of the Justices,* 318 Mass. 793, 795-796 (1945).