ANSWER OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Constitutional Law*, Opinions of the Justices. *Supreme Judicial Court*, Opinions of the Justices.

The justices declined on January 14, 1987, to answer questions as to the constitutionality of a bill referred to in an order adopted by the House of Representatives and transmitted to the Justices on December 2, 1986, inasmuch as the bill ceased to be pending before the General Court when, by operation of law, the 1986 legislative session ended on January 6, 1987. [1205]

On January 14, 1987, the Justices submitted the following answer to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit the following response to the questions set forth in an order adopted by the House on December 1, 1986, and transmitted to us on December 2, 1986.

The order states that there is pending before the General Court a bill (House No. 6414) entitled, "An Act relative to savings bank life insurance." A copy was transmitted with the order. The bill provides for a major restructuring of the present savings bank life insurance system. It would insert a new G. L. c. 178A, which governs savings bank life insurance. The new law would provide for the creation of the Savings Bank Life Insurance Company of Massachusetts (Company) under a special charter for the purpose of selling life and accident and health insurance.

The order summarizes the provisions in the bill governing the establishment of the Company. The bill provides that sav-

ings and insurance banks may participate in forming the Company, which shall be created upon receipt by the Commissioner of Insurance (Commissioner) of resolutions of the trustees or directors of a majority of the banks favoring participation. Each bank electing to participate shall designate one of its trustees or directors to be an incorporator of the Company and to serve as a director of the Company until the shareholders have duly elected successors.

The bill further provides, that within sixty days of the incorporation of the Company, it must submit to the Commissioner a "Plan of Assumption" whereby (1) the Company will assume the ownership and operation of the insurance department of every savings and insurance bank; (2) each such bank shall be issued shares of capital stock of the Company in accordance with a statutory formula or in any other manner deemed fair and equitable by the incorporators; (3) the Company shall continue to treat as participating all savings bank life insurance policies assumed by it; (4) the Company must make payment to all individual policyholders of the aggregate surplus of said insurance departments as of the date of conversion into the Company, but may retain the surplus and pay additional annual dividends to said policyholders subject to certain provisions. Upon certification by the Commissioner permitting the Company to conduct business, it shall immediately assume all the assets (including any surplus), rights and interests, as well as all the obligations and liabilities of the said insurance departments and of the Savings Bank Life Insurance Council.

The order reports that grave doubt exists as to the constitutionality of the bill if enacted into law and propounds the following questions:

> "1.) Would enactment of Sections 2 and 4 of H. 6414 which provide the method for the establishment of the Savings Bank Life Insurance Company of Massachusetts violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving individual savings and insurance banks, which have elected not to participate in the forma-

tion of the said Company, of property rights without due process of law by requiring them to be participants and to be without representation as incorporators and directors of the said Company?

"2.) Would the enactment of Section 5 of H. 6414 which requires the Savings Bank Life Insurance Company of Massachusetts to submit, within sixty days of its formation, a Plan of Assumption to the commissioner of insurance for his approval, in accordance with the provisions of Section 8 of said bill and based solely upon his determination that it provides adequate protection for individual policyholders, whereby the said Company would assume the ownership and operation of the insurance department of each savings and insurance bank, whether or not such bank has elected to participate in the formation of the said Company, violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving such banks of property rights without due process of law?

"3.) Would the enactment of said Section 5 which requires that the said Plan of Assumption provide for the issuance of shares of the capital stock of the Savings Bank Life Insurance Company of Massachusetts to the said savings and insurance banks either on a formula basis, as contained therein, or in such other manner that is deemed to be fair and equitable by the incorporators, none of whom would be representatives of any such banks which elected not to participate in the formation of the Company, violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and the Fifth and Fourteenth Amendments to the Constitution of the United States?

"4.) Would enactment of Section 7 of H. 6414 which provides for the payment by the Savings Bank Life Insurance Company of Massachusetts to all individual policyholders of the aggregate surplus of the insurance departments of all savings and insurance banks as of the date of conversion into the said Company while permitting

the said Company to retain the said surplus and to make such payments in the form of additional annual dividends at an undetermined annual net portfolio rate until such time as the aggregate amount of such additional annual dividends equals the amount of said surplus as of the date of conversion violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving the said policyholders of any property rights in said surplus without due process of law?

"5.) Would the enactment of Section 5 or Section 7 which both provide for the assumption by the Savings Bank Life Insurance Company of Massachusetts of all savings bank life insurance policies and the requirement that the same be treated as participating policies by the said Company violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and Article I, Section 10 and the Fifth and Fourteenth Amendments to the Constitution of the United States by the impairment of contract rights since it allows the substitution of the Savings Bank Life Insurance Company of Massachusetts for the appropriate savings and insurance bank without the policyholder's consent and novation of contract?

"6.) Would the enactment of Section 9 of H. 6414 which provides for the immediate assumption by the Savings Bank Life Insurance Company of Massachusetts, upon certification by the commissioner of insurance, of all of the assets (including any surplus), rights and interests and all of the obligations and liabilities of the insurance departments of savings and insurance banks and of the Savings Bank Life Insurance Council violate Articles I, X, XI and XII of Part First of the Constitution of the Commonwealth and the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving the policyholders of such banks and the said banks of any property rights without due process of law?"

By operation of law the 1986 legislative session ended on January 6, 1987. Art. 10 of the Amendments to the Constitution of the Commonwealth. The Justices decided that they had received the legislative order too late to permit, in accordance with usual custom, sufficient time before the end of the legislative session in which interested persons could prepare and file briefs. The bill is now no longer pending in the General Court; therefore, no solemn occasion exists authorizing and requiring us to render our opinion. Part II, c. 3, art. 2 of the Massachusetts Constitution, as amended by art. 85 of the Articles of Amendment. *Answer of the Justices*, 382 Mass. 694 (1980). *Answer of the Justices*, 376 Mass. 938 (1978). *Answer of the Justices*, 374 Mass. 861 (1978). *Answer of the Justices*, 374 Mass. 858 (1978). Regretfully, we must decline to answer the questions.

The questions may well present constitutional issues regarding which either House of the 1987 Legislature may wish advice. In that event, a new order requesting our opinion may be adopted.

The foregoing answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the 14th day of January, 1987.

EDWARD F. HENNESSEY
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS
JOSEPH R. NOLAN
NEIL L. LYNCH
FRANCIS P. O'CONNOR